# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Civil Action No.


RIDHA HUSSAIN AL-TAMIMI (A075 056 997)
1919 Calvert Street NW Apt. 8
Washington, D.C. 20009-1521


      Plaintiff


v.


MICHAEL B. MUKASEY, Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530-0001

MICHAEL CHERTOFF, Secretary for the Department of Homeland Security ("DHS")
U.S. Department of Homeland Security
Office of the General Counsel
Washington, D.C. 20528

EMILIO T. GONZALEZ, Director for the United States Citizenship and Immigration
Services ("USCIS")
U.S. Department of Homeland Security
Office of the General Counsel
Washington, D.C. 20528

GREG CHRISTIAN, District Director for the USCIS Washington District Office
Office of the General Counsel
U.S. Department of Homeland Security
Washington, D.C. 20528

PAUL NOVAK, Director for the USCIS Vermont Service Center
Office of the General Counsel
U.S. Department of Homeland Security
Washington, D.C. 20528

ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation ("FBI")
J. Edgar Hoover Building
935 Pennsylvania Avenue NW
Washington, D.C. 20535-0001


      Defendants

---

## COMPLAINT FOR *DE NOVO* NATURALIZATION AND/OR MANDAMUS

---

## I. BACKGROUND AND STATEMENT OF CASE AND FACTS


Plaintiff Ridha H. Al-Tamimi files this complaint for *de novo* Naturalization and/or a

Writ of Mandamus.  His naturalization application has been pending with USCIS

since November 28, 2005, almost two-and-one-half years.  He seeks the following relief:

(1) adjudication of his naturalization application, which has been pending with the USCIS since November 28, 2005.  Exhibit B.  This Court may grant *de novo* review of the application under INA § 336(b); 8 U.S.C. § 1447(b), which gives the District Court exclusive jurisdiction over naturalization applications that have been pending for more than 120 days.  8 U.S.C. §1421; 8 U.S.C. § 1427; 8 U.S.C. § 1447; 8 C.F.R. §316.2.  *United States v. Hovsepian,* 359 F.3d 1144(9th Cir. 2004).

(2) declaratory and injunctive relief to protect his constitutional and statutory rights as a lawful permanent resident to timely adjudication of his Form N-400, Application for Naturalization.

(3) an Order of Mandamus from this Court ordering USCIS to complete processing of his naturalization application immediately and schedule a naturalization oath ceremony within 30 days.

Plaintiff has been a lawful permanent resident since November 19, 1997.  Exhibit A,

copy of I-551, Lawful Permanent Residence Card.  Plaintiff resides in the District of

Columbia within the jurisdiction of the Washington District Office (located in Fairfax,

Va.) of the United States Citizenship and Immigration Services (USCIS).   Exhibit A,

copy of current District of Columbia driver's license.

Plaintiff has resided as a permanent resident in the United States for the requisite

period of time before becoming eligible to apply for United States citizenship.

Immigration and Nationality Act ("INA") § 316(a), 8 U.S.C. §1427(a).  In November

2005, Plaintiff paid the filing fee for an application for citizenship and for processing

of his fingerprints and submitted his application for adjudication to the Vermont office

of the U.S. Citizenship and Immigration Services (USCIS)[1], pursuant to 8 C.F.R.

§§316.4, 103.7.  USCIS issued a receipt, Form I-797, on December 21, 2005.[2]  Exhibit

---

[1] On March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist, and its functions were transferred to the newly formed Department of Homeland Security. *See* Homeland Security Act, 116 Stat. 2135, Pub. L. 107-296 (2002).  The former INS was divided into three separate agencies: Citizenship and Immigration Services (CIS), Immigration and Customs Enforcement (ICE), and Customs and Border Protection (CBP).  This complaint challenges decisions of Citizenship and Immigration Services, the component responsible for adjudicating naturalization petitions.

[2] The USCIS continued to use forms labelled "Immigration and Naturalization Service" for a considerable time after March 1, 2003.  Mr. Al-Tamimi's receipt, issued in 2005, is on one of these old forms.

B. On February 28, 2006, USCIS issued a biometrics (fingerprint) notice, and Mr. Al-Tamimi reported for biometrics as directed on March 21, 2006. Exhibit C. On June 13, 2006, he was interviewed by USCIS Officer Owens, who gave him a written notice stating that he had passed the English test and the U.S. history and government test, but that a decision could not be made about his application. Exhibit D, copy of Form N-652, Naturalization Interview Results for Mr. Al-Tamimi.

He has kept his address updated with the USCIS and has made inquiries at the Washington District Office. The only information he has received indicates that his application is pending. Exhibit E, copy of INFOPASS appointment confirmation notice at the Washington District Office.

As a lawful permanent resident, Plaintiff has acquired all the rights and obligations federal law accords persons with lawful permanent resident status. Plaintiff is lawfully in the United States and has the right to apply for United States citizenship. United States citizenship is a cherished privilege that brings with it the right to participate fully in our democracy – to vote, serve on a jury, and hold public office. United States citizenship also allows certain individuals to engage in employment that

is limited to United States citizens. Citizenship protects such individuals from the ever-expanding web of civil and criminal offenses that render a person removable from the country. United States citizenship confers the benefit of allowing such individuals to file petitions for family members, and, in some cases, to shorten or eliminate the lengthy backlogs in family visa categories. Citizenship confers other business-related benefits such as the ability to apply for federal small business loans and to travel abroad more freely under the terms of the Visa Waiver Pilot Program. Plaintiff, however, cannot fully enjoy these rights.

For these reasons, Plaintiff seeks a Writ of Mandamus from this Court ordering USCIS to complete processing of his naturalization application immediately and to schedule a naturalization ceremony within 30 days. Alternatively, Plaintiff seeks *de novo* review under INA § 336(b); 8 U.S.C. § 1447(b), which allows for jurisdiction in the United States District Court over naturalization claims that have been pending for more than 120 days after the initial interview. Finally, Plaintiff seeks declaratory and injunctive relief requiring Defendants to complete all necessary security checks and fully adjudicate Plaintiff's naturalization application forthwith.

## II. JURISDICTION

1.  This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1361, and 2201. This Court may grant relief pursuant to 28 U.S.C. §§ 1361, 2201, 2202 and 5 U.S.C. § 702 et seq.

2.  Jurisdiction is not barred by the REAL ID amendments to the judicial review provisions of the Immigration and Nationality Act, since this action does not challenge a final removal order or a discretionary determination. Pub.L.No. 109-13 (May 11, 2005), amending INA § 242; 8 U.S.C. § 1251. In addition, 8 U.S.C. § 1252(b)(2)(B)(ii)(as amended by REAL ID), states that it applies to agency decisions or action, "the authority for which is specified *under this title*" to be discretionary. The "title" referred to is Title II of the INA. *See* INA §310 et seq., 8 U.S.C. §1421 et seq. Thus, 8 U.S.C. §1252(b)(2)(B)(ii) is not an issue

with regard to review of naturalization applications.

3. Should the Court review this case through Mandamus, jurisdiction is also not barred. Mandamus review is not available to challenge discretionary determinations. In this case, Plaintiff seeks adjudication rather than approval of his naturalization application.

4. This complaint also arises under INA section 336(b); 8 U.S.C. §1447(b), which allows for *de novo* jurisdiction in the United States District Court over naturalization claims that are not adjudicated within 120 days of the interview. 8 U.S.C. §1421; 8 U.S.C. §1427; 8 C.F.R. §310.2, and 8 C.F.R. §316.3.

### III. VENUE

5. Venue lies in the United States District Court for the District of Columbia because at least one defendant in this action resides in such district. 28 U.S.C. § 1391(e). In addition, the Plaintiff resides in the jurisdiction of the Washington District of USCIS, and a substantial portion of the events in this litigation occurred in this judicial district. Furthermore, Defendants are officers or

employees of federal agencies of the United States government, acting in their official capacity under color of legal authority.

## IV. PARTIES

6.    Plaintiff is a lawful permanent resident of the United States and resident of the District of Columbia.  He obtained his lawful permanent residence as a refugee on November 19, 1997.  Exhibit A.

7.    As a lawful permanent resident, he is protected by the Due Process Clause of the Fifth Amendment.  Plaintiff has applied for United States citizenship as allowed under the Immigration and Nationality Act and has paid the fees and fully complied with all obligations of the application.

8.    Defendant Greg Christian is the District Director of the Washington District of the USCIS.  In his capacity as USCIS District Director, Mr. Christian administers the immigration laws on behalf of the Secretary for Homeland Security (hereinafter "Department of Homeland Security" or "DHS") in the District of Columbia and surrounding areas in northern Virginia.  In his position, he has decision-making authority with respect to the matters alleged in this

complaint by Plaintiff, whose immigration case is under the control of the Washington District Office. He has been delegated the authority under 8 C.F.R. §310.2 to control all activities within the Washington District, including authority to grant or deny naturalization applications. He is sued in his official capacity.

9.  Defendant Emilio T. Gonzalez is the Director of the USCIS of the DHS. In his capacity as Director of USCIS, Mr. Gonzalez is responsible for the administration of immigration benefits and services, including the processing of citizenship applications, family-based and employment-based petitions, alien registration, asylum and refugee processing, and issuance of documentation evidencing immigration status and citizenship. As such, he has decision-making authority over the matters alleged in this complaint, specifically USCIS's failure to adjudicate the naturalization application and complete the necessary name checks in a timely manner. INA §310, 8 U.S.C. §1421, et seq. He is sued in his official capacity.

10. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security. Secretary Chertoff is charged with, among other things, administering

the USCIS and the implementation and enforcement of the Immigration and

Nationality Act. As such, he has ultimate decision-making authority over the

matters alleged in this complaint, specifically USCIS's failure to adjudicate the

naturalization application and complete the name checks in a timely manner.

INA §310, 8 U.S.C. §1421 et seq. He is sued in his official capacity.

11.    Defendant Michael B. Mukasey is the Attorney General of the United States and,

as such, is the head of the United States Department of Justice and the Chief

Law Enforcement Officer of the federal government. The Attorney General has

the power to naturalize persons as citizens of the United States, 8 U.S.C.

§1421(a). The Attorney General is also ultimately responsible for the Federal

Bureau of Investigation (FBI), a subdivision of the Department of Justice. The

Attorney General is sued in his official capacity.

12.    Defendant Robert S. Mueller III is the Director of the Federal Bureau of

Investigation (FBI). As Director of the FBI, he is charged with administering the

FBI and its various subsets. As such, he has ultimate decision-making authority

over the matters alleged in this complaint, specifically, the timely processing of

security checks for purposes of adjudication of naturalization applications. He is

sued in his official capacity.

13.    Defendant Paul Novak is the Director of the USCIS Vermont Service Center. As

such, he has supervisory authority over all operations of the USCIS within his

center, with certain specific exceptions irrelevant here. 8 C.F.R. §

100.2(d)(2)(ii).  He is sued in his official capacity.

## V.  LEGAL FRAMEWORK FOR NATURALIZATION

14.    Plaintiff is a lawful permanent resident of the United States, having obtained his

residency as a refugee on November 19, 1997.  Exhibit A, Lawful Permanent

Resident Card.

15.    Plaintiff has resided as a lawful permanent resident for the required statutory

period of time necessary to be eligible to file for naturalization. INA §316(a).

16.    Beginning 90 days before the completion of the required residency period,

applicants for naturalization may commence the application process by

submitting Form N-400 for preliminary processing to the USCIS Service Center

with jurisdiction over the applicant's place of residence, along with the required

filing fees (currently $595, raised from $330 on July 1, 2007) and an additional

fee (currently $80, raised from $70 on July 1, 2007) for processing of

fingerprints and biometrics. 8 C.F.R. §§310.2; 334.2(a); 103.7.

17.    The Service Center processes the application and schedules the applicant for

fingerprinting and for an examination. 8 C.F.R. §310.2, 334.2(a).  The case is

then transferred to a District Office for a naturalization interview and

examination.

18.    The regulations require that the interview and examination not be scheduled

until USCIS has received a definitive response from the FBI that a full criminal

background check of an applicant has been completed. 8 C.F.R. §335.2(b).

19.    Fingerprinting is conducted at a local Application Support Center, and the

fingerprints are electronically transmitted to the FBI. In most cases, the FBI

processes and returns the results to USCIS within 24 hours.

20.     The applicant must appear for an initial examination. INA §335(a); 8 U.S.C.

§1446(a); 8 C.F.R. §335.1. At the examination, the applicant is interviewed

regarding his responses on Form N-400 to determine his statutory eligibility for

naturalization and to elicit all information on eligibility. 8 C.F.R. 335.2(a).

Generally, the applicant must demonstrate (1) the required period of physical

residency, (2) good moral character during that period, (3) a positive disposition

to the principles of the United States Constitution, and (4) a willingness to take

an oath of allegiance to the United States. 8 C.F.R. §335.2(a).

21.    The applicant is also required to pass a test of written and spoken English

comprehension, unless exempted. 8 C.F.R. §312.1(c)(1).

22.    If there are deficiencies in the application or the individual does not pass the

English or civics examination, the applicant is offered the opportunity to

overcome the deficiencies and/or retake the examination. The applicant must be

offered at least 60 days to overcome such deficiencies. 8 C.F.R. §335.3(b). If the

person does not pass the English or civics exam, he will be offered a second

opportunity to take the test within 90 days. 8 C.F.R. §312.5(a).

23.    Under all circumstances, the regulations require USCIS to schedule a second

interview within the 120-day period after the initial application and/or make a

decision to grant or deny a naturalization application within 120 days of the

interview. 8 C.F.R. §335.3(a).  The statute confirms that if the USCIS does not

make a decision within the 120-day period after the examination, the applicant

may request that the United States District Court take jurisdiction over the case

and intervene, either by deciding to naturalize the applicant or by ordering the

USCIS to make a decision on the case. INA §336(b), 8 U.S.C. §1447(b).


24.    The USCIS officer <u>must</u> grant the application if the applicant has complied with

all the requirements for naturalization.  No discretion is involved in these

determinations:

>    The Service officer shall grant the application if the applicant has
>    complied with all requirements for naturalization under this chapter.
>    A decision to grant or deny the application shall be made at the time
>    of the initial examination or within 120 days after the date of the
>    initial examination of the applicant for naturalization under §335.2.

8 C.F.R. §335.3(a).

25.    If the application is denied, such denial must be within 120 days of the initial

interview. 8 C.F.R. §336.1(a).  Such denial must be written in narrative form,

must cite the applicable section of law that bars the applicant from admission to

citizenship, and must provide legal reasons supporting the denial. 8 C.F.R.

§336.1(b).  It must also include an explanation of the applicant's right to

administrative review.  *Id*.  This notice must be served in person or by certified

mail at the applicant's last known address. 8 C.F.R. §336.1(c).  The application

and file are then transferred to the USCIS officer in charge of conducting

administrative reviews of denials. 8 C.F.R. §335.4.

26.    If the case is approved, the applicant is scheduled for an oath ceremony at which

the applicant formally takes an oath of allegiance to the United States and

receives his naturalization certificate. INA §337(a), 8 U.S.C. §1448(a).

## VI. PLAINTIFF HAS SUFFERED HARM
## BECAUSE OF THE DELAY IN PROCESSING
## HIS NATURALIZATION APPLICATION.

27.    Plaintiff has complied with all statutory and regulatory requirements for his

application for naturalization. Mr. Al-Tamimi is eligible for citizenship as a matter of law, and there is no apparent basis for the delay other than the pending name check.

28.    Plaintiff has exhausted all administrative remedies in this case.

29.    Since his June 13, 2006, interview, Mr. Al-Tamimi's naturalization application has been pending for 694 days as of May 7, 2008. Plaintiff is suffering the harm of not being admitted to the privilege of United States citizenship, which prevents him from participation in U.S. elections, as well as denying him access to job opportunities and financial programs that require U.S. citizenship.

## VII. CLAIMS FOR RELIEF

### Count One

### NATURALIZATION

30.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above.

31.    Plaintiff seeks a determination by the Court that he meets the requirements for naturalization and is to be naturalized as a United States citizen without further

delay. Pursuant to 8 U.S.C. §1447(b), this Court should exercise its authority to grant Plaintiff's naturalization application.

## Count Two

### FIFTH AMENDMENT

32.    Plaintiff re-alleges and incorporates the paragraphs 1 through 29 above.

33.    Defendants' policies, practices, or customs violate Plaintiff's Fifth Amendment substantive and procedural due process rights.

## Count Three

### MANDAMUS ACTION
### 28 U.S.C. § 1361

34.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above.

35.    Defendants are charged with the responsibility of administering and implementing the Immigration and Nationality Act. Defendants bear sole responsibility for providing a determination on the name checks so as to approve the naturalization application within the statutory framework and timeline. Defendants' failure to discharge their statutory obligations is injuring Plaintiff.

Defendants should be compelled to perform a duty owed to Plaintiff, namely, the clearance of the pending name check and the non-discretionary adjudication of the naturalization application.

## Count Four

### ADMINISTRATIVE PROCEDURES ACT
### 5 U.S.C. §§ 701 et seq.

36.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above.

37.   By failing to clear the name check within the 120-day period after the naturalization interview, Defendants' practices and procedures violate the Administrative Procedures Act and constitute agency action that is arbitrary, capricious, and not in accordance with law. 5 U.S.C. §§ 701 et seq.

38.   The Administrative Procedures Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555. A District Court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1). The Court may hold unlawful and set aside agency action that, *inter alia*, is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C.

§706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short

of statutory right," 5 U.S.C. §796(2)(C); or "without observance of procedure

required by law," 5 U.S.C. 706(2)(D). "Agency action" includes, in relevant part,

"an agency rule, order, license, sanction, relief, or the equivalent or denial

thereof, or failure to act." 5 U.S.C. §551(13).

39.   The failure of the Defendants to adjudicate the naturalization application within

120 days of the date of the naturalization on the basis of name checks, as

required by 8 U.S.C. §1446(d) and 8 C.F.R. §335, violates the Administrative

Procedures Act, 5 U.S.C. §555(b), 5 U.S.C. §§706(1), 706(2)(A), 706(2)(C), and

706(2)(D).

40.   The failure of the Defendants to complete timely name checks, with the full

knowledge that USCIS requires the completion of such name checks for

adjudication of the application for naturalization of the Plaintiff, violates the

Administrative Procedures Act, 5 U.S.C. §555(b), 5 U.S.C. §§706(1), 706(2)(A),

706(2)(C), and 706(2)(D).

41.   The failure of the Defendants to set deadlines for completing name checks and

to take all other reasonable steps necessary to complete the adjudication of the

application for naturalization of the Plaintiff, as required by 8 U.S.C. §1446(d)

8 C.F.R. §335, violates the Administrative Procedures Act, 5 U.S.C. §555(b), 5 U.S.C. §§706(1), 706(2)(A), 706(2)(C), and 706(2)(D).

## Count Five

## DECLARATORY JUDGMENT ACT

42.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above.

43.    Plaintiff contends that Defendants' actions are unconstitutional, violate the INA, are arbitrary and capricious, and so he seeks a declaration to that effect. 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

1.   Assume jurisdiction over this matter.

2.   If necessary, order that a hearing take place.

3.   Review *de novo* and grant the naturalization application of Plaintiff and give Plaintiff his oath of citizenship.  In the alternative, we request that the Court compel the Defendants to adjudicate Plaintiff's naturalization application and schedule a naturalization oath ceremony within thirty (30) days.

4.   Declare that Defendants' policies, practices and customs, which deprive Plaintiff of his right to an adjudication of his naturalization application within the statutory 120-day time frame, violate the United States Constitution, the Immigration and Nationality Act, and the Administrative Procedures Act.

5.   Direct Defendants to issue promptly a Certificate of Naturalization for Plaintiff.

6.     Declare that Defendants' practices violate legal duties owed to Plaintiff

under the Immigration and Nationality Act.

7.     Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to

the Equal Access to Justice Act, 5 U.S.C. §504, 28 U.S.C. §2412,

and

8.     Grant such other and further relief as may be just and proper.

Respectfully Submitted,

By: ___/s/ Carolyn Ann Killea___

Carolyn Ann Killea
U.S. District Court Bar Number 412419
M. Deutsch Immigration Law Firm
1666 Connecticut Avenue NW, Suite 325
Washington, D.C. 20009
Phone: 202-728-0820
Fax: 202-234-1270
Email: morrisdeutsch@compuserve.com

By: ___/s/ Morris H. Deutsch___
Morris H. Deutsch
U.S. District Court Bar Number 405483
M. Deutsch Immigration Law Firm
1666 Connecticut Avenue NW, Suite 325
Washington, D.C. 20009
Phone: 202-728-0820
Fax: 202-234-1270
Email: morrisdeutsch@compuserve.com

ATTORNEYS FOR THE PLAINTIFF

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ridha Hussain Al-Tamimi<br>1919 Calvert Street NW Apt. 8<br>Washington D.C. 20009-1521 | Michael B. Mukasey, Attorney General of the United States<br>Michael Chertoff, Secretary of Homeland Security<br>Emilio T. Gonzalez, Director of Citizenship and Immigration Services<br>Greg Christian, USCIS Washington District Office Director<br>Paul Novak, USCIS Vermont Service Center Director<br>Robert S. Mueller III, FBI Director |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Morris H. Deutsch and Carolyn Ann Killea
M. Deutsch Immigration Law Firm
1666 Connecticut Ave. NW Suite 325
Washington D.C. 20009
202-728-0820

ATTORNEYS (IF KNOWN)

Jeffrey Taylor
U.S. Attorney
for the District of Columbia

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⦿ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ⦿ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ⦿ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☒ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | | OR | ○ F. Pro Se General Civil | |
|---|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

8U.S.C. Section 1101 et seq; 5U.S.C. Section 701 et seq.; 28 U.S.C. Subsections 1331, 1361, and 2201. Delayed naturalization.

**VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ _____ JURY DEMAND: | Check YES only if demanded in compl. YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY** | (See instruction) YES ☐   NO ☒ | If yes, please complete related case form.

DATE  05/08/2008   SIGNATURE OF ATTORNEY OF RECORD  *Carolyn Ann Killea Waddeo*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## AL-TAMIMI V. MUKASEY, ET AL.

## EXHIBIT LIST

A.    Copies of Plaintiff's Permanent Resident Card, Showing an Effective
Date of November 19, 1997; Social Security Card; and Current Washington, D.C.,
Driver's License, Issued September 5, 2003

B.    Copy of Plaintiff's Form I-797, Notice of Action, Receipt for His Form N-400,
Application for Naturalization, Dated December 21, 2005, with Evidence of a
Priority Filing Date of November 28, 2005

C.    Copy of Plaintiff's Form I-797, Notice of Action, Fingerprint Notification
Dated February 28, 2006, Date Stamped on March 21, 2006

D.    Copy of Plaintiff's Form N-652, Naturalization Interview Results,
Dated June 13, 2006

E.    Copy of Plaintiff's Appointment Confirmation Notice
for the USCIS Washington District Office, Fairfax, Va., Evidence
of an Attempt to Obtain Information about the Status
of His Naturalization Application, Dated July 9, 2007

**EXHIBIT A**

**Copies of Plaintiff's Permanent Resident Card,
Showing an Effective Date of November 19, 1997;
Social Security Card; and
Current Washington, D.C., Driver's License,
Issued September 5, 2003**







**EXHIBIT B**

**Copy of Plaintiff's Form I-797, Notice of Action,
Receipt for His Form N-400,
Application for Naturalization,
Dated December 21, 2005,
with Evidence of a Priority Filing Date
of November 28, 2005**

# THE UNITED STATES OF AMERICA

| Receipt | | | NOTICE DATE<br>December 21, 2005 |
|---|---|---|---|
| CASE TYPE<br>N400    Application For Naturalization | | | INS A#<br>A 075 056 997 |
| APPLICATION NUMBER<br>ESC*001527033 | RECEIVED DATE<br>November 28, 2005 | PRIORITY DATE<br>November 28, 2005 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

RIDHA HUSSAIN AL TAMIMI
P O BOX 21442
WASHINGTON DC 20010

PAYMENT INFORMATION:

| | |
|---|---|
| Single Application Fee: | $400.00 |
| Total Amount Received: | $400.00 |
| Total Balance Due: | $0.00 |

ıllıllıllıllıllıllı

The above application has been received by our office and is in process. Our records indicate your personal information is as follows:

Date of Birth:          July 01, 1967
Address Where You Live:   1756 PARK ROAD NW APT FL 3
                          WASHINGTON DC 20010

Please verify your personal information listed above and immediately notify our office at the address or phone number listed below if there are any changes.

You will be notified of the date and place of your interview when you have been scheduled by the local INS office. You should

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

If you have other questions about possible immigration benefits and services, filing information, or INS forms, please call the INS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call the NCSC TDD at 1-800-767-1833.

If you have access to the Internet, you can also visit INS at www.ins.usdoj.gov. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

INS Office Address:                          INS Customer Service Number:
US IMMIGRATION AND NATURALIZATION SERVICE    (800) 375-5283
75 LOWER WELDEN STREET
ST ALBANS VT 05479-                          APPLICANT COPY

ESC$001507951



Form I-797C (Rev. 01/31/05) N

**EXHIBIT C**

**Copy of Plaintiff's Form I-797,
Notice of Action, Fingerprint Notification
Dated February 28, 2006,
Date Stamped on March 21, 2006**

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

| | |
|---|---|
| | NOTICE DATE<br>February 28, 2006 |
| Fingerprint Notification | RE: A<br>A 075 056 997 |
| CASE TYPE<br>N400    Application For Naturalization | |
| APPLICATION NUMBER<br>ESC*001527033 | RECEIVED DATE<br>November 28, 2005 | PRIORITY DATE<br>November 28, 2005 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

RIDHA HUSSAIN AL TAMIMI
P O BOX 21442
WASHINGTON DC 20010

To process your application, INS must take your fingerprints and have them cleared by the FBI. **PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.** If you are unable to do so, complete the bottom of this notice and return the entire original notice to the address below. **RESCHEDULING YOUR APPOINTMENT WILL DELAY YOUR APPLICATION. IF YOU FAIL TO APPEAR AS SCHEDULED BELOW OR FAIL TO REQUEST RESCHEDULING, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

INS GLENMONT
12331-C GEORGIA AVE
GLENMONT PLAZA
WHEATON MD 20906

03/21/2006
02:00 PM

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR FINGERPRINTS TAKEN, YOU MUST BRING:**
1.  **THIS APPOINTMENT NOTICE** and
2.  **PHOTO IDENTIFICATION.** Naturalization applicants must bring their Alien Registration Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, you will not be fingerprinted.

**PLEASE DISREGARD THIS NOTICE IF YOUR APPLICATION HAS ALREADY BEEN GRANTED.**

### REQUEST FOR RESCHEDULING

Please reschedule my appointment for the next available:  ☐ Wednesday afternoon    ☐ Saturday afternoon

INS cannot guarantee the day preferred, but will do so to the extent possible.
Upon receipt of your request, you will be provided a new appointment notice. Please mail your request to:

INS GLENMONT
12331-C GEORGIA AVE
GLENMONT PLAZA
WHEATON MD 20906

If you have any questions regarding this notice, please call 1-800-375-5283.

APPLICANT COPY

APPLICATION NUMBER
ESC*001527033

WARNING!

**EXHIBIT D**

**Copy of Plaintiff's Form N-652, Naturalization Interview
Results, Dated June 13, 2006**

Department of Homeland Security
U.S. Citizenship and Immigration Services

**N-652, Naturalization Interview Results**

A#: 75 056 997

On ___June 13, 2006___, you were interviewed by CIS officer ___OWENS___

☒ You passed the tests of English and U.S. history and government.

☐ You passed the test of U.S. history and government and the English language requirement was waived.

☐ The Service has accepted your request for a Disability Exception. You are exempted from the requirement to demonstrate English-language ability and/or a knowledge of U.S. history and government.

☐ You will be given another opportunity to be tested on your ability to __☐ speak / __☐ read / __☐ write English.

☐ You will be given another opportunity to be tested on your knowledge of U.S. history and government.

☐ Please follow the instructions on the Form N-14.

☒ USCIS will send you a written decision about your application. FBI Name Check pends

☐ You did not pass the second and final test of your __☐ English ability __☐ knowledge of U.S. history and government.

A) ☐ **Congratulations! Your application has been recommended for approval.** At this time, it appears that you have established you eligibility for naturalization. If final approval is granted, you will be notified when and where to report for the Oath Ceremony.

B) ☒ **A decision cannot yet be made about your application.**

It is very important that you:

☒ Notify USCIS if you change your address.

☐ Come to any scheduled interview.

☐ Submit all requested documents.

☒ Send any questions about this application in writing to the officer named above. Include your full name, Alien Registration Number (A#), and a copy of this paper.

☒ Go to any Oath Ceremony that you are scheduled to attend.

☒ Notify USCIS as soon as possible in writing if you cannot come to any scheduled interview or Oath Ceremony. Include a copy of this paper and a copy of the scheduling notice.

**NOTE:** Please be advised that under section 336 of the Immigration and Nationality Act, you have the right to request a hearing before an immigration officer if your application is denied, or before the U.S. district court if USCIS had not made a determination on your application within 120 days of the date of your examination.

Form N-652 (Rev. 01/14/05)N

**EXHIBIT E**

**Copy of Plaintiff's INFOPASS Appointment
Confirmation Notice
for the USCIS Washington
District Office, Fairfax, Va., Dated July 9, 2007:
Evidence of His Attempt to Obtain Information
about the Status
of His Pending Naturalization Application**


Your e-Ticket to Immigration
Information.

**Name:** **Ridha Hussain Al Tamimi**

**Appointment Question about case
Type:**

**Confirmation WAS-07-24190
No.:**

**Authentication 5e00
Code:**

**Appointment July 9, 2007
Date:**

**Appointment 1:15
Time: PM**

**Location: 2675 PROSPERITY AVENUE, Fairfax, VA 22031; LOBBY – Room 102**

**This is your Confirmation Number:** 

*WAS-07-24190*

**If you wish to cancel this appointment, you will need the following
Personal Identification Number:** 32802

**Please be on time. Failure to show up on time will result in the cancellation of
your appointment. You will then need to reschedule your appointment. You will
not be admitted more than 15 minutes before your scheduled appointment time.**

- **You must appear in person and bring photo identification along with this
  appointment letter.**
- **Acceptable forms of identification are any of the following: Government
  issued identification, passport, valid driver's license, I-94, Work
  Authorization Card, or Permanent Resident Card. (Green Card)**
- **In order to serve you more efficiently, we require you to bring all
  applicable immigration forms, letters, receipts, translations and originals
  of supporting documents.**
- **US CIS new address is 2675 Prosperity Avenue, Fairfax, VA 22031**

https://infopass.uscis.gov/infopass.php                                  2007/07/02